UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

United States of America,

v.

Case No. 2:23-cr-8

Thomas O. Crowell,

Judge Michael H. Watson

Defendant.

## OPINION AND ORDER

The Government and Defendant have each moved in limine to prohibit the admission of certain evidence at trial. For the following reasons, the Court **GRANTS IN PART** and **RESERVES RULING IN PART** on the Government's motion and **DENIES** Defendant's motion.

### I. STANDARD OF REVIEW

"A ruling on a motion in limine is no more than a preliminary, or advisory, opinion that falls entirely within the discretion of the district court." *United States v. Yannott*, 42 F.3d 999, 1007 (6th Cir. 1994) (citation omitted). The advanced ruling aids the parties "in formulating their trial strategy," but a court "may change its ruling on a motion in limine where sufficient facts have developed to warrant the change." *Id.* (citation omitted).

### II. THE GOVERNMENT'S MOTION

The Government moves to prohibit two categories of evidence.

First, the Government moves to prohibit Defendant from introducing his own out-of-court statements during the Government's case-in-chief, ostensibly

during cross examination of the Government's witnesses. The Government contends that such statements are hearsay and are therefore inadmissible under Federal Rule of Civil Procedure 802.

Defendant counters that Federal Rule of Evidence 106, the Rule of Completeness, might permit him to offer his own out-of-court statements. But, without information as to which specific statements the Government intends to introduce at trial, Defendant contends that he cannot evaluate at this stage of the case whether he would move under the Rule of Completeness to admit any of his own out-of-court statements. Resp. 1–2, ECF No. 57.

Federal Rule of Evidence 106 now reads:

> If a party introduces all or part of a statement, an adverse party may require the introduction, at that time, of any other part—or any other statement—that in fairness ought to be considered at the same time. The adverse party may do so over a hearsay objection.

The rule was amended specifically to provide "that if the existing fairness standard requires completion, then that completing statement is admissible over a hearsay objection." Fed. R. Evid. 106 (2023 Adv. Committee Notes).

On the other hand, the amended rule still requires the creation of a misimpression before an out-of-court statement will be admitted for completeness. *Id.* ("The mere fact that a statement is probative and contradicts a statement offered by the opponent is not enough to justify completion under Rule 106. So, for example, the mere fact that a defendant denies guilt before later

admitting it does not, without more, mandate the admission of his previous denial." (citation omitted)).

At this point, the Court has no knowledge of which of Defendant's out-of-court statements the Government intends to introduce, let alone whether those statements create a misimpression that can be cured by offering other out-of-court statements. Therefore, the Court is unable to rule on this aspect of the Government's motion.

Second, the Government moves to prohibit Defendant from suggesting to the jury that the evidence seized in this case was seized illegally. The Government argues that such a determination is legal, not factual, and has already been decided through the Court's denial of Defendant's motion to suppress.

Defendant responds that he does not intend to argue during trial that the seizure was unlawful, although he preserves the issue for appeal. Resp., ECF No. 57. The Court agrees that such an argument would be improper.

Defendant does, however, seek to introduce factual evidence pertaining to the search, but the Court is unable at this juncture to rule on the admissibility of the same without further information. Thus, should the Government object to any such evidence, it shall raise the objection at trial.

In sum, the Court cannot rule fully on either aspect of the Government's motion at this stage and therefore **GRANTS** the Government's motion to prohibit

Defendant from arguing the unlawfulness of the search but **RESERVES RULING** on the other aspects of the Government's motion.

### III. DEFENDANT'S MOTION

Defendant moves under Federal Rule of Evidence 702 to prevent Sergeant Vogelsang and Special Agent Bajus from offering expert testimony regarding drug trafficking.

As an initial matter, it appears the Government no longer intends to call Special Agent Bajus as a witness, and that portion of Defendant's motion is thus **DENIED AS MOOT**.

With respect to the remaining portion of the motion, a witness offering an expert opinion must be "qualified as an expert by knowledge, skill, experience, training, or education[.]" Fed. R. Evid. 702. If the witness is so qualified, and "if the proponent demonstrates to the court that it is more likely than not that" the witness's:

- (a) . . . scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue;
- (b) the testimony is based on sufficient facts or data;
- (c) the testimony is the product of reliable principles and methods; and
- (d) the [witness's] opinion reflects a reliable application of the principles and methods to the facts of the case

then the witness may offer opinion testimony. Fed. R. Evid. 702.

Defendant first argues that Sergeant Vogelsang is unqualified to give expert testimony, contending only that Sergeant Vogelsang has never provided expert testimony in a prior case.

Defendant's argument is meritless. Sergeant Vogelsang has worked for the Hilliard Division of Police for more than ten years, has participated in hundreds of drug trafficking cases during his tenure with law enforcement, has specialized training in state and federal drug laws, and has learned from speaking with informants and drug users. *See e.g.*, ECF No. 49 at PAGEID # 311–12. He is thereby qualified by knowledge, experience, and training to offer the proffered testimony, which includes testifying as to, *inter alia*, code names for drugs, street values for drugs, equipment used in drug storage and trafficking, and indications that drugs are possessed for distribution rather than personal use. *E.g., United States v. Fuqua*, 636 F. App'x 303, 308–09 (6th Cir. 2020) (finding witness who spent six years as a police officer, three of which specialized in drug investigations, qualified under Rule 702 to offer opinion testimony).

Next, Defendant suggests that Sergeant Vogelsang's testimony would not be helpful to a trier of fact. The Court disagrees. Knowledge about the drug trade, including tools of the trade, common code names for various drugs, and the street value for various drugs, does not fall within the typical knowledge of lay jurors.[1]  *See United States v. Whyte*, 795 F. App'x 353, 360 (6th Cir. 2019) ("We

---

[1] Thus, Sergeant Vogelsang's proposed testimony is unlike that in *United States v. Freeman*, 730 F.3d 590 (6th Cir. 2013), on which Defendant relies, in that the agent in *Freeman* gave improper *lay* opinion testimony as to the meaning of recorded conversations that was not based on his personal first-hand knowledge and interpreted ordinary language.

generally affirm the admission of expert testimony that interprets intercepted conversations using slang, street language, and the jargon of the illegal drug trade, so long as the district court does not allow the expert law-enforcement witness either to relay the government's theory of the case to the jury under the guise of jargon interpretation or to interpret plain English statements that a reasonable juror could understand on their own." (cleaned up)).  Thus, contrary to Defendant's implication, Sergeant Vogelsang's testimony *would* more likely than not be useful to the triers of fact in this case as it will inform directly upon, *inter alia*, whether Defendant possessed controlled substances with an intent to distribute the same.

This aspect of Defendant's motion is therefore **DENIED**.

## IV.  CONCLUSION

For the above reasons, the Court grants in part and reserves ruling on the Government's motion in limine and denies Defendant's motion in limine.  The Clerk shall terminate ECF Nos. 52 & 53.

**IT IS SO ORDERED.**

_____
**MICHAEL H. WATSON, JUDGE
UNITED STATES DISTRICT COURT**